IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-02126-GPG-SBP

MARGARET COLEMAN; SLATNER, LLC, a Colorado limited liability company; and 710 ARROWEST, LLC, a Colorado limited liability company,

    Plaintiffs,

v.

SCOTTSDALE INSURANCE COMPANY, NATIONWIDE INSURANCE COMPANY, and AMERICAN FAMILY INSURANCE COMPANY,

    Defendants.

---

**ORDER OF UNITED STATES MAGISTRATE JUDGE**

---

**Susan Prose, United States Magistrate Judge**

    This matter comes before the court on Plaintiffs Margaret Coleman, Slatner, LLC, and 710 Arrowest, LLC's (collectively, "Plaintiffs") Motion to File an Amended Complaint ("Motion to Amend"), ECF No. 40, and Plaintiffs' Motion for a Ruling on the Motion to Amend ("Motion for Ruling"), ECF No. 54 (the Motion to Amend and the Motion for Ruling together, the "Motions"). Having now reviewed the Motions, the evidence in support of the Motions, and the applicable law, this court respectfully **GRANTS** the Motion for Ruling and **DENIES** the Motion to Amend.

    **I.    BACKGROUND**

    The following facts are drawn from the docket in this matter and from Defendants Nationwide Insurance Company ("Nationwide") and Scottsdale Insurance Company

("Scottsdale")'s (collectively, "Defendants") Response to the Motion to Amend ("Response"). ECF No. 43. Except as otherwise noted, these facts are not disputed for the purpose of ruling upon the Motions.

This matter arises from a fire that took place on a property located at 710 Arrowest Road, Grand Junction, Colorado (the "Property"). Response at 2. The Property was owned by Plaintiff Coleman and leased to CORRecycling, LLC ("CORRecycling"). CORRecycling had an insurance policy with Scottsdale, and Coleman was an additional insured under the Policy. *Id*.

Due to a dispute regarding benefits owed under the Policy, Plaintiffs filed a complaint in Colorado state court on August 22, 2023. *Id*. The next day, Plaintiffs filed a first amended complaint (the "Complaint"), *see* ECF No. 4, amended to, inter alia, assert a cause of action against "Nationwide Insurance Company d/b/a Scottsdale Insurance Company" for breach of contract. *Id*. Over seven months later, on April 10, 2024, Plaintiffs filed a second amended complaint (the "SAC"), ECF No. 5, asserting additional causes of action for fraud and common law bad faith against Defendants. Response at 2. Because Plaintiffs had allegedly failed to comply with Colorado statutes governing the filing of amended complaints and had not sought leave to amend, Scottsdale and Nationwide filed a motion to strike this version of the complaint. *Id*. This motion was not ruled on by the state court, as Plaintiffs first reached a settlement with several of the defendants, and Defendants then removed the case to this Court, citing diversity jurisdiction. *Id*.

On December 6, 2024, Plaintiffs filed a third amended complaint (the "TAC"), ECF No. 29, asserting, inter alia, still more causes of action against Defendants, including "negligent adjusting" and negligence per se, while also seeking a declaratory judgment against Defendants.

*Id*. at 3. On December 20, 2024, Defendants moved to strike both the SAC and TAC. Response at 3; *see* ECF No. 32. This motion was granted during a scheduling conference held by the court on January 15, 2025, the court directing Plaintiffs' counsel to comply with the Federal Rules of Civil Procedure and the court's local rules in filing any further amendments. ECF No. 35. Accordingly, the first amended version of the complaint became the operative Complaint.

On February 19, 2025, the court noted that American Family Insurance Company ("American Family") had been served and was named in the operative Complaint but had not been named in the stricken SAC or TAC. ECF No. 39. Accordingly, the court directed Plaintiffs to either file a status report indicating how they intended to proceed as to American Family or file a motion for entry of default or motion for voluntary dismissal as to American Family by March 5, 2025. *Id*.

On February 25, 2025, Plaintiffs filed the Motion to Amend, seeking leave to amend the Complaint in order "to reflect the remaining parties and claims" following the dismissal of a significant number of former defendants and to "no longer join[ ] American Family as a defendant." Motion at 2. Plaintiffs also attached a version of this fourth proposed version of the amended complaint (the "Proposed Complaint"). ECF No. 40-1. Separately, in a status report filed on March 5, 2025, Plaintiffs confirmed that "Plaintiffs have no claims against American Family." ECF No. 42 at 2. Defendants filed the Response to the Motion to Amend on March 18, 2025, arguing that the Motion to Amend should be denied because of Plaintiffs' alleged delay in bringing the motion, because making the Proposed Complaint the operative complaint would cause prejudice to Defendants, because Plaintiff's newly asserted claims sounding in negligence are futile, and because the corporate plaintiffs lack standing to sue. On April 2, 2025, Plaintiffs

3

replied (the "Reply"). ECF No. 44.

On July 7, 2025, Plaintiffs filed the Motion for Ruling, seeking a ruling regarding the Motion to Amend. Defendants did not file any response to the Motion for Ruling.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(1) permits a party to "amend its pleading once as a matter of course no later than: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." However, "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

Leave to amend a pleading should be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). But it may be denied in situations where the proposed amendment is the result of undue delay, undue prejudice to the nonmovant, bad faith or a dilatory motive by the movant, or where the proposed amendment is futile. *Sinclair Wyo. Refining Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 777 (10th Cir. 2021). Ultimately, the court's focus is primarily the prejudice to the non-movant that would result from allowing amendment. *Id.*; *see also Washington v. Wong*, No. 1:23-cv-00471-RM-SBP, 2024 WL 4710631, at *2 (D. Colo. Nov. 7, 2024).

The court has discretion whether to allow an amendment. *Chilcoat v. San Juan Cnty.*, 41 F.4th 1196, 1217 (10th Cir. 2022), *cert. denied sub nom. San Juan Cnty. v. Chilcoat*, 143 S. Ct. 1748 (2023). "[A] district court may withhold leave to amend if the amendment would be futile." *Id.* at 1218. "Refusing leave to amend is generally only justified upon a showing of

4

undue delay, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or undue prejudice to the opposing party, or futility of amendment, etc." *Castleglen, Inc. v. Resol. Tr. Corp.*, 984 F.2d 1571, 1585 (10th Cir. 1993) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). *See also Hasan v. AIG Prop. Cas. Co.*, 935 F.3d 1092, 1101-02 (10th Cir. 2019) (same). "The party contesting the motion to amend has the burden of proving that the amendment should be refused on one of these bases." *Openwater Safety IV, LLC v. Great Lakes Ins. SE*, 435 F. Supp. 3d 1142, 1151 (D. Colo. 2020).

### III.  ANALYSIS

Defendants state that they do not oppose any amendments in the Proposed Complaint made to "clean up" the operative version of the Complaint in order to reflect that several former defendants are no longer party to the case, which Plaintiffs assert is the purpose of the Motion. However, Defendants note that in the Proposed Complaint, Plaintiffs have not only removed material from the Complaint related to claims asserted against former defendants, but have also added new claims against Defendants. Defendants therefore argue that the Motion to Amend should be denied because Plaintiffs have not offered any explanation for failing to move to amend the Complaint and add their new claims sooner. Relatedly, Defendants also argue that the Proposed Complaint would be unduly prejudicial because the case has been pending for over a year and a half, and allowing Plaintiffs to include new claims at this stage would change the nature and scope of the case as well as the potential damages at issue.

Plaintiffs respond by stating that they have moved to file the Proposed Complaint "to address two issues": to 1) confirm that they are no longer asserting claims against American Family and 2) because several other defendants have been dismissed pursuant to a settlement

agreement, to update the Complaint accordingly in order to "avoid possible [j]ury confusion."[1] Plaintiffs note that amended pleadings "are liberally allowed" and state that "the current Amended [Complaint] simply remove[s] parties which have settled and delete[s] claims which have been resolved." Plaintiffs argue that "[i]t is not logical to proceed with the old complaint[,] which detailed the liability of more than six defendants who have settled and are no longer parties. . . . . needless confusion may arise because so many of the parties have settled . . . . the [a]mendment sought by [Plaintiffs] simply brings the case 'up to date' and removes prior parties who . . . . settled before this court even had jurisdiction."

     The court acknowledges, and Defendants do not dispute, that the reasons cited by Plaintiffs for amending the Complaint in the Motion to Amend are compelling. However, for reasons unclear to the court, in their Motion to Amend and in their Reply, Plaintiffs do not acknowledge that they have added allegations and claims to the Proposed Complaint that are not reflected in the operative Complaint, even though, as Defendants note, they have clearly made such additions. The amendments included in Plaintiffs' Proposed Complaint are far more extensive than Plaintiffs acknowledge in the Motion to Amend, adding many allegations and claims that are not included in the operative Complaint, despite Plaintiffs' insistence that the amendments merely bring the case "up to date," remove former parties who have now settled,

---

[1] In the Reply, Plaintiffs extensively discuss why they believe Defendants are liable for the claims Plaintiffs assert against them, then note that Defendants did not participate in settlement negotiations; Plaintiffs say that negotiations with other former defendants "narrow[ed] this case greatly." The relevance of this discussion is unclear; Defendants' arguments in the Response do not implicate Defendants' liability or lack thereof, and Defendants specifically note that they do not object to amendments to the Complaint that are made in order to narrow the issues, reflect that some of the parties have settled, or both.

and delete claims that have been resolved. For instance, in the Proposed Complaint, Plaintiffs assert negligence claims and request that a declaratory judgment be entered against Defendants; the operative Complaint does not include such claims or make such a request.

While Plaintiffs have provided some explanation as to why they could not have amended the Complaint earlier to reflect the removal of certain parties and resolution of certain claims, *see, e.g.*, Reply at 2-3, they have not attempted to explain why they failed to move to add the new claims they assert at an earlier stage of these proceedings. Plaintiffs, for instance, do not indicate that they have recently uncovered facts that make their new claims viable. Instead, all indications reflect that Plaintiffs could have asserted the new claims included in the Proposed Complaint at any time, including when they commenced this litigation.

The court notes that Plaintiffs' failure to address this point may be explained in part, perhaps, by the existence of the previously stricken SAC and TAC. Though Plaintiffs have not referenced the SAC and TAC in bringing the Motion to Amend, nonetheless, the court briefly considers whether these filings provide any support for granting the Motion to Amend.

In addition to asserting breach of contract claims, the SAC included causes of action against Defendants for fraud, common law bad faith, and breach of contract, while the TAC included causes of action against Defendants for statutory and common law bad faith, negligent adjusting, negligence per se, and breach of contract, and also sought a declaratory judgment against Defendants. In the Proposed Complaint, Plaintiffs assert claims for negligent adjusting and negligence per se, and also request that a declaratory judgment be entered against Defendants. These claims were asserted in the TAC as well, so from one perspective, Plaintiffs have already asserted these claims in this action; relatedly, though Plaintiffs state that they are

7

moving to amend in order to bring the "State Court complaint" "up to date," in practice, Plaintiffs may be referring to the claims they raise in the TAC rather than the claims they include in the operative Complaint. However, though Plaintiffs seemingly asserted the same claims in the TAC that they have now included in the Proposed Complaint, Plaintiffs did not file the TAC until well over a year after the Complaint was first filed; even the SAC was filed by Plaintiffs more than seven months after the Complaint. Therefore, presuming, for argument's sake, that Plaintiffs' filing of the TAC (or even Plaintiffs' filing of the SAC) somehow "tolled" Plaintiffs' delay in raising their new claims, Plaintiffs have offered no explanation for the significant, year-long delay in raising the claims first asserted in the TAC. Accordingly, while the existence of the TAC may explain why Plaintiffs did not move to amend the Complaint to assert their new claims *after* Plaintiffs filed the TAC, it does not explain why Plaintiffs waited for over a year to assert those claims in the first place. Noting that Plaintiffs have offered no explanation as to why they failed to move to amend the Complaint to add their new claims by an earlier date, therefore, the court finds that Defendants have carried their burden of showing undue delay.

      Additionally, and in the absence of any argument from Plaintiffs to the contrary, the court also agrees with Defendants that undue prejudice would result if this court were to permit Plaintiffs to amend the Complaint. The court agrees with Plaintiffs that generally, leave to amend may be freely given, but the court will not grant leave to amend in the absence of *any* explanation or justification whatsoever for new claims being added in less than timely fashion. While Defendants have known for some time that Plaintiffs would attempt to assert the new claims in the Proposed Complaint due to their presence in the TAC, as addressed above, Plaintiffs have asserted no reason for their delay in bringing those claims in the first place, nor

have they offered a sufficient explanation for their failure to follow proper procedure in filing the SAC or TAC. As Defendants note, the new claims could have been asserted much earlier, and they significantly change both the nature and scope of this matter and the potential damages at issue; in combination, these factors create prejudice to Defendants, and no justification for Plaintiffs' course of action has been provided.

Accordingly, Plaintiffs' Motion to Amend is denied. As a result, the court does not find it necessary to consider Defendants' other arguments in opposition to the Motion to Amend.

As a final note regarding the Motion to Amend, the court recognizes that Defendants have stated that they do not object to Plaintiffs amending the Complaint to "clean up" the Complaint by removing American Family as a defendant and eliminating Plaintiffs' allegations against all former defendants. Plaintiffs agree that such an amendment would be productive. *See, e.g.*, Motion at 2 ("With six original defendants having been dismissed and material events happening since the last statement of claims in the State Court, the State Court complaint should be amended."). Accordingly, the court denies the Motion to Amend without prejudice. Plaintiffs are permitted to file a further motion to amend the Complaint, with any accompanying proposed amendment limited to reflecting the correct parties and removing former parties along with now-irrelevant allegations and claims. The accompanying proposed amendment should not include new allegations or claims against Defendants unless they are supported by, e.g., newly uncovered evidence or testimony.

Finally, in the Motion for Ruling, Plaintiffs suggest that, because defendants Scottsdale Insurance Company and Nationwide Insurance Company did not obtain defendant American Family Insurance's consent before removing this matter to this court—allegedly in violation of

28 U.S.C. § 1446—Plaintiffs may seek attorneys' fees as a sanction from Defendants if the Motion to Amend is denied and American Family Insurance remains as a defendant. *See* Motion for Ruling at 7. The court notes that since Plaintiffs will be permitted a further opportunity to amend in order to, inter alia, remove American Family insurance as a defendant, considering any request for sanctions that is dependent upon American Family Insurance's continuing status as a defendant would be premature. However, the court also notes that by issuing this ruling, the court is otherwise effectively granting Plaintiffs' Motion for Ruling. Accordingly, the Motion for Ruling is granted.

## CONCLUSION

For the foregoing reasons, this court respectfully orders as follows: Plaintiffs' Motion for Ruling is **GRANTED**, and Plaintiffs' Motion to Amend is **DENIED without prejudice**.[2]

DATED: August 7, 2025                BY THE COURT:

_____
Susan Prose
United States Magistrate Judge

---

[2] Rule 72 of the Federal Rules of Civil Procedure provides that within fourteen (14) days after service of a Magistrate Judge's order or recommendation, any party may serve and file written objections with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. §§ 636(b)(1)(A), (B); Fed. R. Civ. P. 72(a), (b). Failure to make any such objection will result in a waiver of the right to appeal the Magistrate Judge's order or recommendation. *See Sinclair Wyo. Ref. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 783 (10th Cir. 2021) (firm waiver rule applies to non-dispositive orders); *but see Morales-Fernandez v. INS*, 418 F.3d 1116, 1119, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review, including when a "pro se litigant has not been informed of the time period for objecting and the consequences of failing to object").